Thomas E. Morrissey, Jr., J.
This is a motion for an order permitting plaintiffs to add additional defendants and authorizing the issuance of a supplemental summons and the service *842 of an amended complaint, copy of which amended complaint is submitted with the motion papers. The present action was instituted by plaintiffs to obtain a judgment declaring that the defendant insurance companies are liable under a certain policy of insurance covering the liability of the individual defendant.
The complaint sets forth that on November 26, 1950 plaintiffs suffered injuries as a result of the negligence of the individual defendant in the operation of his automobile; that an action was commenced against the individual defendant; that said defendant defaulted and a judgment in various amounts was rendered in favor of the plaintiffs against said individual defendant; that that defendant was insured by the defendant insurance companies; that said companies disclaimed liability under the policy and have refused to pay the judgments obtained against the individual defendant. Defendant insurance Companies served an answer containing a general denial and as a separate affirmative defense therein alleged that the individual defendant had breached the terms of the policy by failure to give notice of the accident, co-operate with the insurers or give notice to the insurers that an action had been commenced. The proposed amended complaint contains additional causes of action, in malfeasance and nonfeasance, against two individual defendants, attorneys at law, alleging that plaintiffs retained such attorneys on or about December 9, 1950 to prosecute the action against the individual defendant, that said attorneys failed to give notice of the accident to the defendant insurers and failed to obtain a copy of defendant’s report to the Bureau of Motor Vehicles, and that by reason of said negligence defendant insurance companies have disclaimed liability.
Plaintiffs seek to add the attorneys as defendants for the reason, as claimed, that they had personal charge of the action for five years and “ it is felt that they are in a very favorable position to reply to the affirmative defense raised by the ” defendant insurance companies and that if this court should decide that the defendant insurers are not liable by reason of the malfeasance or nonfeasance of said attorneys, then all of the issues could be litigated in one trial. It appears from the complaint and proposed amended complaint that the action for a declaratory judgment is proposed to be enlarged by combining therewith an action for malpractice. What is here sought is not permission to add additional defendants as authorized under sections 192 and 193 of the Civil Practice Act, but rather the institution of a new and entirely different action against the proposed defendants. Section 193 of the Civil Practice Act requires the court to order indispensable or conditionally neces *843 sary parties to be brought into an action. The proposed defendants are neither, as such terms are defined in said sections, since the absence of the proposed defendants as parties to the litigation will, in no way, prevent the effective determination of the controversy between the present plaintiffs and defendants. Furthermore, to grant the application would result in the filing of an answer by the proposed defendants setting up at least one possible defense, that of the Statute of Limitations, possible motions directed against the sufficiency of the complaint, which is not passed upon on this motion, examinations of the various defendants before trial by the other defendants, demands for bills of particulars, etc., needlessly delaying the trial of the present action for a declaratory judgment. In addition thereto, if the plaintiffs succeed in obtaining a declaratory judgment that defendant insurance companies are liable on the policy, there would be no need to prosecute an action for malpractice against the proposed defendants. On the other hand, plaintiffs are not prevented from instituting a separate action against the proposed defendants for malpractice, which action need not be tried pending the determination of this action.
The motion to add the additional defendants is denied. Settle order on notice.